34 N.J. Super. 446 (1955)
112 A.2d 790
LAURENCE W. STERN AND MARTHA M. STERN, EXECUTORS AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF ESTELLE MEYERS, DECEASED, AS ASSIGNORS, AND GWYNN REALTY CO., A CORPORATION OF THE STATE OF NEW JERSEY, AS ASSIGNEE, PLAINTIFFS,
v.
MAJESTIC FURNITURE CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 11, 1955.
*447 Messrs. Nitto, Piscopo & Nitto, attorneys for plaintiffs.
Mr. David Weinick, attorney for defendant.
GRIMSHAW, J.S.C.
The parties seek an adjudication of their rights under a lease. The lease in question was executed March 1, 1951, between Estelle Meyers, since deceased, and the defendant Majestic Furniture Corporation. It covered premises on Main Avenue in Passaic.
Under the terms of the lease the tenancy commenced on March 15, 1951 and was to expire on March 14, 1961. The plaintiffs have succeeded to the rights of the original lessor.
The lease, a printed form, contained, among other things, the following provision:
"That the Tenant shall, in the case of fire, give immediate notice thereof to the Landlord who shall thereupon cause the damage to be repaired forthwith; but if the premises be so damaged that the Landlord shall decide to rebuild, the term shall cease and the accrued rent be paid up to the time of the fire."
When the lease was executed the following words were stricken from it: "but if the premises be so damaged that the Landlord shall decide to rebuild, the term shall cease and the accrued rent be paid up to the time of the fire."
On January 10, 1954 the premises were totally destroyed by fire. The plaintiff contends that as a result of the destruction of the premises the lease has been terminated by *448 virtue of the provisions of N.J.S.A. 46:8-7, which is as follows:
"Whenever any building or buildings erected on leased premises shall be totally destroyed by fire or otherwise, without the fault of the lessee, the rent shall be paid up to the time of such destruction, and then, and from thenceforth, the lease shall cease and come to an end. This section shall not extend or apply to cases wherein the parties have otherwise stipulated in their agreement of lease."
Defendant contends that the statute is not applicable. It argues that the parties stipulated otherwise in their agreement of lease when the words, "but if the premises be so damaged that the Landlord shall decide to rebuild, the term shall cease and the accrued rent be paid up to the time of the fire," were stricken from the lease. I do not accept that argument. The most effect which can be given to the action of the parties is that there was taken from the lessor the right to terminate the lease because of any damage short of total destruction.
In my opinion the statute is applicable and the lease is at an end.